UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO:  05-0286** |
| **WENDELL BAILEY** | **SECTION: "S"** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Wendell Bailey's "Motion to Suppress" is **DENIED**. (Document #26.)

### I. BACKGROUND

A grand jury charged Wendell Bailey with being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (count one), and attempted destruction of an aircraft, 18 U.S.C. § 32(a)(1) and (7) (count two).  Bailey was arrested on September 5, 2005, shortly after Hurricane Katrina.  The area was being patrolled due to reports that weapons were being fired at relief planes and helicopters.  Either members of the Louisiana National guard or agents of the Bureau of Alcohol, Tobacco, and Firearms arrested Bailey after searching the apartment where he was staying and finding firearms.  Bailey filed a motion to suppress evidence of the firearms because he did not give consent to search the apartment, and there was no valid search warrant.

## II. DISCUSSION

The Fourth Amendment bars only unreasonable searches and seizures. United States v. Gourld, 364 F.3d 578, 582 (5th Cir. 2004 (en banc). The Supreme Court has created two presumptions in determining whether a search is reasonable. First, police officers generally must conduct searches pursuant to probable cause and with a valid search warrant. See Katz v. United States, 88 S.Ct. 507, 514 (1967). Second, the Court has held that warrantless entries into a home are presumptively unreasonable. See Payton v. New York, 100 S.Ct. 1371 (1980). "[A] showing of exigent circumstances will rebut both presumptions. Under exigent circumstances, even a warrantless search does not violate the Fourth Amendment, so long as the scope of the search is no broader than necessary to deal with the exigency." Tamez vs. City of San Marcos, Tex., 118 F.3d 1085, 1093 (5th Cir. 1997) (citations omitted).

Bailey and the government differ on many of the historical facts leading up to the search. Bailey contends that he was not advised of his rights and he did not give consent to search the apartment. The government contends that Bailey does not have standing to challenge the search of the apartment because he was not legitimately on the premises, and further that agents obtained a valid consent based on Bailey's apparent authority to consent to the search.

There are, however, relevant facts that are not in dispute. The search occurred within a week of Hurricane Katrina; the City was in darkness; law enforcement officers were patrolling the City because of criminal activity, including firing upon relief planes and helicopters; there was a need to find the responsible persons and their weapons; Bailey was observed shooting a handgun at two helicopters engaged in the post-Katrina rescue efforts; no courts were operating

2

in the city; and both state and federal judges had left the City under a mandatory evacuation order.

Based on these undisputed facts, the court concludes as a matter of law that there were exigent circumstances sufficient to justify a warrantless search. The officers were focused on finding the weapons to insure the safety of those in the area, and there is no allegation that the scope of the search was any broader than necessary to achieve that goal.

New Orleans, Louisiana, this   2nd   day of March, 2006.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE